CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
May 12, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KRISTOPHER WIDNER,          )<br>     Plaintiff,                          )<br>                                          )<br>v.                                       )<br>                                          )<br>RICHARD ALSBROOK, et al., )<br>     Defendants.                     )  | Case No. 7:25-cv-00135<br><br>By: Michael F. Urbanski<br>Senior United States District Judge |

## MEMORANDUM OPINION

Kristopher Widner, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against three correctional officials employed by the Southwest Virginia Regional Jail Authority (SWVRJA). The case is now before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the amended complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I.  Background

Widner is incarcerated at the SWVRJA's correctional facility in Abingdon, Virginia. Am. Compl., ECF No. 5, at 2. His amended complaint names Superintendent Richard Alsbrook as the only defendant. Id. Widner alleges that Alsbrook is "legally responsible for the operation of the Southwest Virginia Regional Jail and for the welfare of the inmates of that facility." Id.

According to the amended complaint, the Abingdon facility has a policy in place that allows inmates "only one hour of out of cell time per day." Id. at 3. During the one-hour period, 18 inmates are allowed out of their cells to make phone calls, take showers, and engage in other activities. Id. Widner alleges that is "impossible for everyone to use the phone since phone calls are 15 minutes long and there [are] only 3 phones available." Id.

In a section titled "Legal Claims," Widner cites to Virginia Code § 53.1-39.2, which places restrictions on the use of restorative housing at state correctional facilities. See id. Widner claims that the jail is violating the state statute by only allowing inmates to leave their cells for an hour per day for activities. Id.; see also Va. Code § 53.1-39.2(D) ("An incarcerated person may be offered less than four hours of out-of-cell programmatic interventions or other congregate activities per day only in the circumstance that the facility administrator determines a lockdown is required to ensure the safety of the incarcerated persons in the facility.").

## II.  Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or agent. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Complaints filed by pro se litigants must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "still must contain enough facts to state a claim for relief that is plausible on its face." Thomas v. Salvation Army S. Terrace, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted).

### III.    Discussion

Widner filed his amended complaint pursuant to 42 U.S.C. § 1983. See Am. Compl. at 1. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Widner's amended complaint does not identify a federal statutory or constitutional right that he believes has been violated as a result of the challenged jail policy. Instead, Widner claims that the policy violates Virginia Code § 53.1-39.2(D). Even assuming that this statute applies to local correctional facilities, "a violation of state law does not satisfy the requirements for stating a § 1983 claim." Grady v. Greenfield, 670 F. App'x 818, 819 (4th Cir. 2016) (citing Davis v. Scherer, 468 U.S. 183, 194 (1984)). "[A] section 1983 claim can only be sustained by allegations and proof of a violation of the Constitution or statutes of the United States and specifically may not rest solely on a violation of state statutes . . . ." Clark v. Link, 855 F.2d 156, 163 (4th Cir. 1988). Thus, a mere violation of § 53.1-39.2(D) is not actionable under § 1983.

Additionally, the amended complaint is devoid of facts from which the court could reasonably infer that the policy at issue violates Widner's federal statutory or constitutional rights. To the extent the policy limits Widner's ability to make telephone calls, "an inmate 'has no right to unlimited telephone use'" under the First Amendment. Washington v. Reno, 35 F.3d 1093,

1100 (6th Cir. 1994) (quoting Benzel v. Grammer, 869, F.2d 1105, 1008 (1989)). "Instead, a prisoner's right to telephone access is 'subject to rational limitations in the face of legitimate security interests of the penal institution.'" Id. (quoting Strandberg v. City of Helena, 791 F.2d 744, 747 (9th Cir. 1986)); see also Valdez v. Rosenbaum, 302 F.3d 1039, 1049 (9th Cir. 2002) (explaining that a restriction on telephone access did not violate a pretrial detainee's free speech rights since it was rationally related to a legitimate government interest and detainees had alternative means of communicating with persons outside the prison). Because an inmate challenging the constitutionality of a prison regulation or policy carries the burden to "disprove its validity," Widner must allege facts sufficient to show that the policy is not reasonably related to a legitimate penological objective. Desper v. Clarke, 1 F.4th 236, 244–45. His amended complaint fails to satisfy this pleading requirement.

## IV. Conclusion

For the foregoing reasons, the court concludes that the amended complaint fails to state a claim upon which relief may be granted. Accordingly, this action will be dismissed without prejudice under 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered.

Entered: May 12, 2025

Mike Urbanski
Senior U.S. District Judge
2025.05.12 12:07:21 -04'00'

Michael F. Urbanski
Senior United States District Judge